ORIGINAL

josephmafnasple

LEONARDO M. RAPADAS
United States Attorney
FREDERICK A. BLACK
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910-5009
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America




IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO.: 05-00006 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| JOSEPH CALVO MAFNAS, | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(C), the United States and the defendant, JOSEPH CALVO MAFNAS, enter into the following plea agreement:

1. The defendant agrees to plead guilty to Count 1 of the Superseding Indictment charging him with Attempted Possession with Intent to Distribute over fifty grams of Methamphetamine Hydrochloride, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. The defendant understands that the mandatory <u>minimum</u> sentence for Attempted Possession with Intent to Distribute over 50 grams of Methamphetamine Hydrochloride is imprisonment for 10 years and the <u>maximum</u> sentence is not more than life imprisonment, and a $4,000,000 fine. The parties agree that, as to a period of incarceration, the most appropriate sentence will be not more than 10 years. Any sentence imposed shall include a term of supervised release of at least 5 years in addition to such term of imprisonment, as well as, such restitution as the court may order and a $100 special assessment fee. The $100 special

assessment fee must be paid at the time the defendant enters his guilty plea. If the defendant violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him to not more than 5 years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant agrees to cooperate fully with the United States. The defendant understands and agrees that complete and truthful cooperation is a material condition of this agreement. Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offense described in this agreement. Cooperation will also include complying with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such times and places to be determined by counsel and/or investigators for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of the defendant requested by attorneys and agents of the United States; and, testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant. The defendant understands that such cooperation shall be provided to any state, local and federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that the defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or has done concerning the government's investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to "tip" or warn any subject of this investigation that defendant, subject or anyone else is being investigated. The United States agrees that any statements made by the defendant during the cooperation phase of

-2-

this agreement shall not be used against the defendant in any subsequent prosecutions unless the defendant has breached this agreement. In return for this cooperation, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands which he reveals to federal authorities pursuant to this agreement. In addition, if defendant cooperates as set forth in this agreement, the government will recommend that defendant receive the minimum term of incarceration legally available under the applicable statutes and Advisory Sentencing Guidelines. If defendant does not fully cooperate as set forth in this agreement, the government will recommend whatever sentence of incarceration within the Guidelines range it may deem appropriate.

4. If the United States believes the defendant has provided "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e), the United States will request the Court to depart below the guideline range to whatever guidelines range or sentence of incarceration the United States in its sole discretion terms appropriate when fixing a sentence for this defendant or may, within one year after sentencing herein, move the Court to order relief pursuant to Rule 35, Rules of Criminal Procedure to whatever guidelines range or sentence of incarceration the United States in its sole discretion deems appropriate. Defendant acknowledges that the United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance." Defendant further acknowledges that no promise of any kind has been made that a motion requesting such departure will be made except as otherwise provided herein.

The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U. S. Attorney, defendant has provided "substantial assistance" which would merit a government request for a downward departure from the applicable guideline sentencing range:

  (1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

  (2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

(3) the nature and extent of defendant's assistance;

(4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and

(5) the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

5. The defendant understands that to establish the offense of Attempted Possession with Intent to Distribute Methamphetamine Hydrochloride, a violation of Title 21, United States Code, Sections 841(a)(1) and 846, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: the defendant intended to possess over 50 grams of methamphetamine hydrochloride with the intent to deliver it to another person; and

<u>Second</u>: the defendant did something that was a substantial step toward committing the crime.

6. The defendant understands that the Advisory Sentencing Guidelines apply to this offense. The Court is not bound by the Sentencing Guidelines but the must consult the Guidelines and take them into account at sentencing. The defendant also understands that the facts he stipulates to herein will be used among other things, to determine his sentence.

Further, if the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.8(a) of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range. The United States and the defendant agree and stipulate that the amount of methamphetamine hydrochloride that the defendant either attempted to or actually possessed with intent to distribute and which was known to the government before the defendant began to cooperate is more than 50 grams.

The defendant understands that notwithstanding any agreement of the parties, the United

-4-

States Probation Office will make an independent application of the Advisory Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines' range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea. Pursuant to Federal Rule of Criminal Procedure Rule 11(c)(3)(B), the defendant also understands that if the court does not accept the sentencing recommendation made by the United States to the court pursuant to Rule 11(c)(1)(B), the defendant nevertheless has no right to withdraw his guilty plea.

7. The government and the defendant stipulate and agree to the following facts for purposes of the Sentencing Guidelines:

The defendant was born in 1959, and is a citizen of the United States.

On January 25, 2005, JOSEPH CALVO MAFNAS negotiated with another individual to purchase 100 grams of crystal methamphetamine "ice." On February 1, 2005, JOSEPH CALVO MAFNAS received from the same individual approximately 100 grams of false crystal methamphetamine which he intended to sell to others.

8. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether federal, state, or local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the

United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon The Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

10. In the event that the United States believes the defendant has failed to fulfill any obligations under this Agreement, or has falsely implicated an innocent person in the commission of a crime, then the United States shall, in its discretion, have the option of declaring any provision of this Agreement or of its obligations herein null and void, in which event or events the defendant shall not be entitled to withdraw the plea of guilty made in connection with this Plea Agreement. Whether or not the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

11. Nothing in this Agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this Agreement. Should the defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

12. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to determine the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

13. Nothing in this Agreement shall bind any other federal, state or local Districts, jurisdiction or law enforcement agency other than the United States Attorney for the District of

Guam and the Northern Mariana Islands.

14. In exchange for the Government's concessions in this Plea Agreement, the defendant waives any right to appeal this conviction or to collaterally attack this conviction. Defendant reserves the right to appeal the sentence imposed in this case.

15. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

16. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. the nature and elements of the charges and the mandatory minimum penalty provided by law and the maximum possible penalty provided by law;

    b. his right to be represented by an attorney;

    c. his right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. that if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

    e. that, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

    f. that he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

    g. that he reads, speaks, writes and understands English;

-7-

Case 1:05-cr-00006   Document 16   Filed 05/27/2005   Page 7 of 8

h. that he has read this agreement, and he fully understands it; and

i. the defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

17. This Plea Agreement states the complete and only Agreement between the United States Attorney for the District of Guam and the Northern Mariana Islands and the defendant, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or is on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

DATED: 5/25/05

JOSEPH JOHN CALVO MAFNAS
Defendant

DATED: 5/25/05

JOHN T. GORMAN
Federal Public Defender
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 5-25-05

FREDERICK A. BLACK
Assistant U.S. Attorney

DATED: 5/22/05

RUSSELL C. STODDARD
First Assistant U.S. Attorney

-8-